UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LATOYA LEWIS,                               )
                                            )
             Plaintiff,                     )
                                            )
VS.                                         )
                                            )
WAL-MART STORES, INC. / WAL-                )          CIVIL ACTION NO.
MART STORES TEXAS, LLC d/b/a                )
WAL-MART SUPERCENTER STORE                  )          3:22-CV-0025-G
NO. 3285,                                   )
                                            )
             Defendant.                     )

MEMORANDUM OPINION AND ORDER

Before the court is the motion for summary judgment of the defendant

Wal-Mart Stores, Inc. / Wal-Mart Stores Texas, LLC, d/b/a Wal-Mart Supercenter

Store No. 3285 ("Walmart" or "defendant") (docket entry 26).  The plaintiff Latoya

Lewis ("Lewis" or "plaintiff") failed to respond to the motion.  For the reasons

discussed below, Walmart's motion is granted.

I.  INTRODUCTION

A.  Factual Background

This case concerns a slip-and-fall accident that occurred at Walmart's store

located at 621 Uptown Boulevard in Cedar Hill, Texas ("the premises") on or about

January 10, 2020.  *See generally* Plaintiff's Original Petition ("Petition"), *attached to*
Defendant's Notice of Removal ("Notice") (docket entry 1).  Lewis slipped on water
allegedly on the floor as she walked toward the ice cream aisle of the premises.
Appendix in Support of Defendant's Motion for Traditional and No-Evidence
Summary Judgment on Plaintiff's Claims and Brief in Support ("Appendix") (docket
entry 28) at Appx. 000005.  After Lewis fell, she maintains that she noticed "water
dripping right next to [her] . . . from above[.]"  *Id*. at Appx. 000006.  Lewis alleges
that the store had failed to warn her that the floor was wet.  *Id*. at Appx. 000012; *see
also* Petition ¶ 18.  Lewis did not see the water on the floor prior to falling but admits
that the store was well lit, nothing concealed the water on the floor, and that she saw
no warning signs that the floor was wet.  *See generally* Appendix.  Additionally, Lewis
is not aware of any prior reports to Walmart employees about the water on the floor.
*Id*. at Appx. 000013.

## B.  Procedural Background

On December 3, 2021, Lewis filed suit against Walmart in the 192nd Judicial
District Court of Dallas County, Texas.  *See generally* Petition.  Lewis asserts only a
premises liability claim against Walmart.[1]  *Id*.  Lewis maintains that Walmart failed

---

[1]    The court construes Lewis's claim of negligence, *see generally* Petition, as
a premises liability cause of action because her allegation arises out of an injury by a
condition of the premises.  See *Robles v. Ross Stores, Inc*., No. 3:16-CV-0086-B, 2017
WL 2306527, at *2-*4 (N.D. Tex. May 26, 2017) (Boyle, J.).

to make its premises reasonably safe by failing to inspect its premises and by failing to disclose those areas on its floor that posed an unreasonable risk of injury. *Id*. Lewis contends that Walmart did not take reasonable steps to warn her, and that the failure to warn customers about the wet floor created an unreasonably dangerous condition. *Id*. As a result, Lewis claims that she sustained injuries and damages. *Id*.

On January 5, 2022, Walmart removed the case to this court on the basis of diversity of citizenship jurisdiction. *See* Notice at 2. On February 10, 2022, the court dismissed the case without prejudice for Lewis's failure to comply with the court's order to file a certificate of interested persons satisfying the requirements of Local Rule 3.1(c) or 3.2(e). *See* Order (docket entry 7). On March 1, 2022, the court granted Lewis's motion to reopen the case. *See* Order (docket entry 10). On September 21, 2022, Walmart deposed Lewis. *See generally* Appendix. On November 1, 2022, Walmart filed the instant motion for summary judgment (docket entry 26).[2] Lewis failed to respond to the motion. The motion is now ripe for decision.

_____

[2] While the motion refers to "Defendants[,]" *see generally* Motion, Lewis sued a singular defendant, *see generally* Petition ("Defendant Wal-Mart Stores, Inc. / Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter Store No. 3285"), and that defendant removed the case to this court, *see generally* Notice ("Defendant Wal-Mart Stores, Inc. / Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter Store No. 3285"). The court therefore concludes that the defendant Wal-Mart Stores, Inc. / Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter Store No. 3285 is the proper defendant in this case.

## II.  ANALYSIS

### A.  Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a), (c)(1).[3]  A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").  To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  The nonmoving party must show that the evidence is sufficient to support the resolution of the

---

[3]     Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

material factual issues in her favor.  *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).  However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact.  See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

## B.  Application

A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations omitted), must prove four elements to succeed on a premises liability claim against the owner:

 (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

 (2) That the condition posed an unreasonable risk of harm;

 (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

 (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted).

Walmart maintains that it is "entitled to summary judgment under the no-evidence standard because Plaintiff has adduced no competent evidence of an unreasonable risk of harm, actual or constructive knowledge of a hazardous condition, breach of duty, or proximate cause." Motion at 15. As Lewis failed to respond to Walmart's motion for summary judgment, the court finds Lewis's lack of proof regarding the elements outlined above conclusive.

In its motion for summary judgment, Walmart asserts, in pertinent part, as follows:

> Based on the evidence presented, the following facts are established and undisputed:
>
> - Plaintiff slipped and fell in a slippery substance on the floor of a Walmart store;
>
> - The area in which Plaintiff fell was well-lit;
>
> - In the area in which Plaintiff fell, Plaintiff's view of her surroundings, including the floor, was free from obstruction;
>
> - The condition of which Plaintiff complains was neither hidden nor concealed from Plaintiff;
>
> - Plaintiff is not aware of any Walmart employee having seen or known of the condition's presence before her fall;

- 6 -

- Plaintiff is not aware of prior incidents involving the condition or prior reports of it to store personnel; and

- Plaintiff is not aware of any statements of any current or former Walmart employees that indicate their prior knowledge of the condition before her fall.

*Id*. at 5 (emphasis omitted); *see generally* Appendix.

Walmart does not contest Lewis's status as an invitee.  See, *e.g.,* Motion at 8. A "landowner's premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not; and . . . in most cases, a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee . . . ."  *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201 (Tex. 2015).  Lewis produces no evidence that the alleged water on the floor of the premises was conspicuous, or that "an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time . . . ."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

A plaintiff can demonstrate either the owner's actual or constructive knowledge of a dangerous condition.  *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992).  In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . . ."  *Reece*, 81 S.W.3d at 814.  Lewis failed to produce

- 7 -

evidence that Walmart had actual knowledge of the water on the floor or temporal evidence that it should have reasonably discovered it.  Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."  *Id.*  A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815).  "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'"  *Id.* (quoting *Reece*, 81 S.W.3d at 816). Here, there is no knowledge of a recurring problem sufficient to constitute constructive notice.

Lewis has proffered no evidence that Walmart had actual or constructive knowledge of the water on the floor.  Because Lewis has not established a genuine issue of material fact regarding the knowledge element – an essential element of her premises liability claim – summary judgment for Walmart is proper.  See *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at *4 (N.D. Tex. Oct. 3, 2018) (Kinkeade, J.) ("Even if the condition was not open and obvious and known to Plaintiff, her premises liability claim would still fail because she did not create a genuine issue of material fact as to the required notice element.").  Therefore,

Lewis has failed to establish that Walmart knew or reasonably should have known of the condition – entitling Walmart to summary judgment on Lewis's premises liability claim.  See *Brookshire Grocery Company v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006).

### III.  CONCLUSION

For the reasons discussed above, the defendant's motion for summary judgment is **GRANTED**.  Judgment will be entered for Walmart.

**SO ORDERED**.

December 6, 2022.

**A. JOE FISH**
**Senior United States District Judge**